**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4918

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONTRELL A. GOODE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (CR-04-369)

Submitted:  March 31, 2006          Decided:  April 27, 2006

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Robert J. Wagner, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Matthew C. Ackley, Special Assistant United States Attorney, Richmond, Virginia, for Appellee

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dontrell A. Goode was convicted by a jury of possession and possession with intent to distribute marijuana and methylenedioxymethamphetamine, in violation of 21 U.S.C. §§ 841, 844 (2000), as well as possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). The district court sentenced Goode to a total of sixty-eight months' imprisonment. Although Goode does not contest his sentence, he does challenge his convictions.

Goode argues that the district court erred in denying his motion to suppress. We review the factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

With these standards in mind, we conclude that the police officers had reasonable suspicion of unlawful conduct to make a traffic stop of the vehicle Goode was operating. See Terry v. Ohio, 392 U.S. 1, 20-22 (1968); United States v. Wilson, 205 F.3d 720, 722-23 (4th Cir. 2000); see also United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993) (noting a traffic violation, no matter how minor, gives an officer probable cause to stop the driver). We further conclude that, based on the totality of the

circumstances, the officers had a reasonable suspicion that criminal activity was afoot in order to ask Goode further questions in the execution of the traffic stop. See United States v. Brugal, 209 F.3d 353, 358 (4th Cir. 2000).

Goode's pre-custodial admission that a firearm was located in his vehicle created a reasonable, articulable suspicion that he presented a danger to the officers, which justified their decisions to place him in handcuffs, see United States v. Moore, 817 F.2d 1105, 1108 (4th Cir. 1987) (holding a brief but complete restriction of liberty is valid under Terry), and to conduct their search of the areas of the passenger compartment of the automobile where "a weapon may be placed or hidden." Michigan v. Long, 463 U.S. 1032, 1049 (1983). Finding the firearm and narcotics, the officers possessed probable cause to arrest Goode. Finding no violation of the Fourth Amendment, we therefore conclude that the district court correctly denied Goode's suppression motion.

Further, Goode challenges the district court's jury instruction regarding the § 924(c) count. We review a district court's decision to give a jury instruction and the content of the instruction for abuse of discretion. See United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996). A district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. James v. Jacobson, 6 F.3d 233, 239 (4th Cir.

1993).  When jury instructions are challenged on appeal, the issue is whether, taken as a whole, the instructions fairly stated the controlling law.  <u>United States v. Cobb</u>, 905 F.2d 784, 788-89 (4th Cir. 1990).  We find the district court's jury instruction, which in part listed examples of how a firearm might be used in furtherance of a drug trafficking crime, was proper.  <u>United States v. Lomax</u>, 293 F.3d 701, 705.

Therefore, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -